**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosa Maria Hernandez, et al., | No. CIV 06-2197-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Schneider National, Inc., et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Extend the Time for Service of Process (Dkt. 15). Plaintiffs request the Court to enlarge deadline to complete service upon Defendant Rafael Lopez ("Lopez") by sixty (60) days so that they may utilize the Arizona Rules of Civil Procedure to complete service.

## BACKGROUND

This action arises out of a multi-vehicle accident that occurred in Maricopa County, Arizona on August 11, 2004. Defendants are four corporate entities and Lopez. Plaintiffs completed service on the corporate defendants, but have been unable to locate Lopez. After the address for Lopez listed on the accident report proved to be incorrect, the process servers hired by Plaintiff performed a skip trace, contacted counsel for one of the corporate defendants, and acted on a lead connecting Lopez to a post office box in San Diego, California. Plaintiffs have also contacted Lopez's ex-wife, Myra Quijada, and his former uncle, Fidel Gallegos. Ms. Quijada indicated that she and Lopez divorced two years ago and

1 that she did not have any information concerning his present whereabouts. Mr. Gallegos
2 indicated that he heard Lopez was living in Tijuana, Mexico. Finally, Plaintiff's counsel
3 obtained a copy of Lopez's driving record from the California Department of Motor Vehicles,
4 but the address listed on the driving record was the same as that listed on the accident report.
5 Despite these efforts, Plaintiffs have been unable to complete service upon Lopez and now
6 request the Court to allow service by publication.

7 Plaintiffs filed their Complaint in the Arizona Superior Court for Maricopa County
8 on August 9, 2006. The case was removed to this Court on September 14, 2006. In an Order
9 issued on December 7, 2006, the Court granted Plaintiffs an extension of time to complete
10 service upon Lopez. Plaintiffs were unable to locate Lopez and on March 8, 2007, requested
11 permission to serve by publication. The Court denied Plaintiffs' request because it was based
12 upon Rule 4(f)(3) of the Federal Rules of Civil Procedure ("Federal Rules"). As the Court
13 explained, Rule 4(f)(3) applies to service upon individuals in a foreign country and provides
14 that "service upon an individual from whom a waiver has not been obtained...may be effected
15 in a place not within any judicial district of the United States." Because Plaintiff was
16 requesting service by publication within the United States, Plaintiffs' reliance on Rule 4(f)(3)
17 was improper. Nonetheless, since Plaintiffs showed good cause for extending the time for
18 service on Lopez, the Court enlarged the deadline for Plaintiffs to complete service pursuant
19 to Rule 4(m). Fed. R. Civ. P.

20 Plaintiffs now move to extend the period within which to complete service upon
21 Lopez using the Arizona Rules of Civil Procedure. (Dkt. 15)

## DISCUSSION

23 Pursuant to Rule 4(e)(1) of the Federal Rules, service upon any competent, adult
24 individual may be effected in any judicial district of the United States pursuant to the law of
25 the state in which the district court is located for the service of a summons upon the
26 defendant in an action brought in the courts of general jurisdiction of the States. Rule 4.2(f)
27 of the Arizona Rules of Civil Procedure ("Arizona Rules") allows service by publication for
28 individuals whose present residence in unknown but whose last known residence was outside

the state when it is the "best means practicable under the circumstances for providing notice of institution of the action."

In light of Plaintiffs' diligent efforts, the Court finds that service by publication pursuant to Rule 4.2(f) of the Arizona Rules is the best means practicable under the present circumstances. Therefore, pursuant to Rule 4(e) of the Federal Rules, the Court will grant Plaintiffs an additional sixty days to employ Arizona state methods of accomplishing service on Lopez.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Extend the Time for Service of Process (Dkt. 15) is **GRANTED**. Plaintiffs shall have until July 9, 2007, to accomplish service upon Lopez in accordance with Rule 4(e) of the Federal Rules and Rule 4.2 of the Arizona Rules.

DATED this 7th day of May, 2007.

Stephen M. McNamee
United States District Judge